ELECTRONICALLY FILED
7/22/2020 1:34 PM
37-CV-2020-900044.00
CIRCUIT COURT OF
HENRY COUNTY, ALABAMA
SHIRLENE B. VICKERS, CLERK

## IN THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA

MARTHA FAYE BRANNON, Individually )
and as Next Friend of W▓▓▓▓ J▓▓▓ )
C▓▓▓, a minor, and TYRELL FLOYD )
    Plaintiffs, )
     )
     )
vs. )    Case No. CV-2020-
     )
     )
SWANSON LOGISTICS, LLC, )
TOMMY T. FISHER, )    **Jury Trial Demanded**
and FICTITIOUS DEFENDANTS )
"A", "B", "C", "D", "E", and "F", )
    Defendants. )
     )

## COMPLAINT

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Martha Faye Brannon is an individual over the age of nineteen and is a resident of Henry County, Alabama and is the legal guardian and next friend of W▓▓▓▓ J▓▓▓ C▓▓▓. W▓▓▓▓ J▓▓▓ C▓▓▓ is a minor residing in Henry County, Alabama.

2. Plaintiff Tyrell Floyd is an individual over the age of nineteen and is a resident of Henry County, Alabama.

3. Defendant Swanson Logistics, LLC is a foreign corporation incorporated in the State of Minnesota and upon information and belief was doing business in Henry County, Alabama.

4. Defendant Tommy T. Fisher is an individual over the age of nineteen and is a resident of Minnesota.

5. Fictitious Defendants "A", "B", "C", "D", "E", and "F", are those Defendants, whether corporations or individuals who are currently unknown to Plaintiffs, and whose negligence, wantonness, or other wrongful conduct contributed to Plaintiffs' injuries.

6. The incident giving rise to this claim occurred in Dale County, Alabama, with the initial negligence of Defendant's beginning in Henry County, Alabama. Jurisdiction is proper pursuant to Rule 4.2, Ala. Civ. P. Venue is proper pursuant to Ala. Code. Sec. 6-3-7(a)(3) and Ala. Code. Sec. 6-3-2(a)(3).

## FACTS

7. Plaintiff re-alleges, adopts, and incorporates all allegations and paragraphs heretofore contained in the complaint.

8. On or about June 25, 2020, Tommy T. Fisher was operating a tractor-trailer or "semi-truck" owned by Swanson Logistics, LLC. Tommy T. Fisher was at all times material to Plaintiffs' Complaint an employee of Swanson Logistics, LLC and was acting in the scope and course of his employment. The semi-truck was hauling approximately 21 bags of peanuts, each weighing approximately one ton for an approximate load of 42,000 lbs. Hereinafter said bags of peanuts will be referred to as "the cargo".

9. Defendant Swanson Logistics, LLC was responsible for the maintenance of the semi-truck. At all times material to Plaintiffs' Complaint, the semi-truck's brakes were not properly maintained by Swanson Logistics, LLC and did not meet Department of Transportation Standards.

10. Upon information and belief, some or all of the cargo was obtained and loaded in Headland, Henry County, Alabama. Said cargo was improperly and negligently secured and as not in compliance with the standards as required by the Department of

Transportation or the Federal Motor Carrier Safety Administration, more specifically the cargo did not have the minimum number of tiedowns to secure the load. Defendant Tommy T. Fisher, and Fictitious Defendants "A", "B", "C", "D", "E", and "F", had a duty to comply with the applicable regulation for securing the cargo and failed to do so.

11. Upon departing Henry County, Alabama, Defendant Tommy T. Fisher drove the semi-truck carrying the cargo on AL HWY 134 west and entered Dale County, Alabama. Defendant Fisher was travelling in excess of the speed limit.

12. W████ J████ C████ was driving the vehicle of Martha Faye Brannon on AL HWY 134 W in Dale County, Alabama. Plaintiff Tyrell Floyd was asleep in the front passenger seat of the vehicle owned by Martha Faye Brannon and driven by W████ J████ C████ at all times material to Plaintiffs' Complaint.

13. W████ J████ C████ slowed his vehicle and activated his left turn signal as he prepared to make a U-turn or left turn on AL HWY 134 west in Dale County, Alabama.

14. Defendant Tommy T. Fisher was driving in excess of the speed limit and failed to maintain a proper lookout causing him to strike the vehicle owned by Martha Faye Brannon in the rear. Defendant Fisher had the last clear chance to avoid a collision, but failed to do so.

15. The improperly secured cargo burst through the front of the trailer being hauled by the semi-truck. The improperly secured cargo contributed to further damage to Plaintiffs' vehicle and persons.

16. As a result of the negligence, wantonness, and wrongful conduct of the Defendants, Plaintiffs received damage to property, severe injuries, mental anguish, and pain and suffering.

### COUNT I (Negligence – Load Securement)

17. Plaintiffs re-allege, adopt, and incorporate all allegations and paragraphs heretofore contained in the Complaint.

18. Defendant Fisher as the operator of commercial motor vehicle engaging in interstate transportation has a duty to Plaintiffs and all persons travelling on public roads to ensure that the cargo he transports is properly secured in accordance with the standards set forth by the Federal Motor Carrier Safety Administration and the Department of Transportation.

19. Fictitious Defendants "A", "B", "C", "D", "E", and "F", loaded the cargo into the trailer being transported by Swanson Logistics, LLC and Tommy T. Fisher. Fictitious Defendants owed the same duty to Plaintiffs to ensure that the cargo was properly and lawfully secured.

20. Defendants failed to properly secure the cargo with the required amount of tiedowns, causing the cargo to shift and burst through the trailer driven by Fisher. This caused the semi-truck to "jack-knife" upon collision and the cargo to land on top of Plaintiffs' vehicle.

21. As a proximate consequence and the direct result of the negligence of Defendants, the Plaintiffs suffered damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, with respect to count one, for compensatory, and punitive damages, in an amount determined by a jury and not less than one million dollars.

### COUNT II (Negligence – Negligent Maintenance)

22. Plaintiffs re-allege, adopt, and incorporate all allegations and paragraphs heretofore contained in the Complaint.

23. Defendants Swanson Logistics, LLC and Tommy T. Fisher were responsible for maintenance of the 2011 Kenworth semi-truck being driven by Defendant Fisher during the scope and course of his employment.

24. Defendant Swanson Logistics, LLC had knowledge that its vehicles had failed recent Department of Transportation inspections. Swanson Logistics, LLC had received numerous violations on its vehicles, specifically for brakes.

25. At the time of the collision, the brakes of the semi-truck driven by Defendant Fisher were not in compliance with Department of Transportation standards.

26. Said brakes being non-compliant contributed to Defendant Fisher's inability to stop, causing a collision with Plaintiffs' vehicle.

27. As a proximate consequence and the direct result of the negligence of Defendants, the Plaintiffs suffered damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, with respect to count two, for compensatory, and punitive damages, in an amount determined by a jury and not less than one million dollars.

### COUNT III (Negligence and/or Wantonness)

28. Plaintiffs re-allege, adopt, and incorporate all allegations and paragraphs heretofore contained in the Complaint.

29. At the aforesaid date and place, Defendant Fisher negligently and/or wantonly operated the 2011 Kenworth semi-truck and trailer hauling the cargo. More specifically, Defendant

Fisher was driving in excess of the speed-limit, while hauling improperly secured cargo, and failing to maintain a proper lookout. These actions and/or omissions occurred while in the scope of Fisher's employment with Swanson Logistics, LLC.

30. The negligence and/or wantonness of Fisher caused the semi-truck to collide with the rear of the Plaintiffs' vehicle.

31. As a proximate consequence and the direct result of the negligence of Defendants, the Plaintiffs suffered damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, with respect to count three, for compensatory, and punitive damages, in an amount determined by a jury and not less than one million dollars.

## COUNT IV (Negligent and Wanton Hiring, Retention, Training, Supervision, Policies, and Procedures, etc. – Swanson Logistics, LLC)

32. Plaintiff re-alleges, adopts, and incorporates all allegations and paragraphs heretofore contained in the Complaint.

33. Swanson Logistics, LLC negligently and wantonly hired, retained and failed to enforce, train, supervise, monitor and implement policies and procedures that would prevent or allow Tommy T. Fisher to operate its Kenworth semi-truck and trailer in a manner that caused Tommy T. Fisher to crash into the vehicle owned, operated, or occupied by Plaintiffs. Swanson Logistics, LLC is in the freight shipping and trucking transportation business which requires the hauling of cargo by trucks on federal, state, and county roads/highways. Swanson Logistics, LLC had a duty to Plaintiff and others to hire competent drivers. Swanson Logistics, LLC also had a duty to ensure the competency of

its drivers by properly training and supervising all drivers operating vehicles in the line and scope of employment with Swanson Logistics, LLC. The acts and/or omissions of Swanson Logistics, LLC constitute negligent and wanton hiring, retention, training, monitoring, and supervision.

34. As a direct result of the negligent and wanton failure to ensure the competency of its drivers, enforce or implement reasonable safety policies and procedures, hire and retain qualified drivers and train and supervise its drivers regarding its policies and procedures and to ensure that Federal and Alabama traffic laws are followed, the Plaintiffs were caused to suffer damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, with respect to count four, for compensatory, and punitive damages, in an amount determined by a jury and not less than one million dollars.

## COUNT V (Fictitious Defendants)

35. Plaintiff re-alleges, adopts, and incorporates all allegations and paragraphs heretofore contained in the Complaint.

36. Fictitious Defendants "A", "B", "C", "D", "E", and "F", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton, reckless and wrongful conduct contributed to the injuries sustained by the Plaintiff, or are those other persons, firms, corporations, or other entities which may be responsible for paying Plaintiff uninsured or underinsured motorist benefits, medical payments benefits, or other benefits for which the Plaintiff is a beneficiary. Said Fictitious Defendants names

are unknown to Plaintiff at this time, but will be promptly substituted by amendment when ascertained.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, with respect to count five, for compensatory, and punitive damages, in an amount determined by a jury and not less than one million dollars.

## COUNT VI (Combined and Concurring Negligence)

37. Plaintiff re-alleges, adopts, and incorporates all allegations and paragraphs heretofore contained in the Complaint.

38. The negligence, wantonness, or other wrongful acts of all Defendants in this case combined and concurred to cause injuries and damages to Plaintiffs as alleged in this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, with respect to count six, for compensatory, and punitive damages, in an amount determined by a jury and not less than one million dollars.

## DAMAGES

39. The conduct of Defendants caused all Plaintiffs to receive damages as described individually and in greater detail below.

40. Plaintiff Martha Faye Brannon was caused to suffer mental anguish, the medical expenses for her W▮▮▮ J▮▮▮ C▮▮▮ loss of property, loss of transportation, and such other damages as she may be entitled to under Alabama law.

41. W▮▮▮ J▮▮▮ C▮▮▮ received severe injuries and was caused to suffer pain, endure medical procedures, will continue to suffer pain in the future, and has been caused to incur significant medical expenses and will continue to incur medical expenses into the future.

42. Tyrell Floyd received severe injuries and was caused to suffer pain, endure medical procedures, will continue to suffer pain in the future, and has been caused to incur significant medical expenses and will continue to incur medical expenses into the future.

**JURY TRIAL DEMANDED AS TO ALL COUNTS OF COMPLAINT**

Respectfully submitted this the 22nd day of July 2020.

Attorneys for Plaintiff:

/s/ Adam E. Parker
Adam E. Parker (PAR164)
Of Counsel:
Capps, Gil & Parker, LLC
111 Adris Place, Suite 2
Dothan, Alabama 36303
Tel: 334.673.0100
Fax: 334.673.1300
aparker@wiregrassattorneys.com

/s/ Reginald D. McDaniel
Reginald D. McDaniel (MCD061)
Law Office of Reginald D. McDaniel, LLC
3720 4th Avenue South Birmingham, AL 35222
205.433.6130 office
205.222.8656 mobile
888.357.8447 fax
rdm@reginaldmcdaniel.com

**REQUEST FOR SERVICE OF PROCESS**

The Plaintiffs hereby request that the Summons and Complaint in this case be served upon the following Defendants by Certified Mail at their respective mailing addresses as follows:

Swanson Logistics, LLC
C/O: Charles Swanson
17465 County Rd 40
Carver, MN 55315
USA

Tommy T. Fisher
5158 Russell Ave. N.
Minneapolis, MN 55430